IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL H. VADEN,** | : | CASE NO. 1:11-CV-1807 |
| Petitioner | : | (Judge Rambo) |
| v. | : | (Magistrate Judge Smyser) |
| **WARDEN BLEDSOE,** | : | |
| Respondent | : | |

# **M E M O R A N D U M**

Before the court is a July 13, 2012, report of the magistrate judge to whom this matter was referred in which he recommends that the petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 by petitioner Michael H. Vaden, be denied.[1]

## I.   Constitutional Issue of the Case

It is the conclusion of this court that the constitutional issue raised by Vaden is that he was denied due process because there was no investigation by the prison officials before his disciplinary hearing.  Had there been an investigation by the appropriate prison official within the appropriate time period, he could have requested of that official a video tape of the incident for which he was cited and said video tape could have been used to support his version of the events.

---

[1] It is agreed by both parties that the report contains certain errors which do not ultimately affect the recommendation that the petition be denied.

## II.     Discussion

Vaden was charged with refusing to obey a staff order and attempted assault for an incident that occurred December 6, 2010. Vaden claims that the video would have shown that he did not kick his cell door and, therefore, there was no attempted assault. Vaden's disciplinary hearing was not held until January 6, 2011 because the staff representative initially requested by Vaden was not available at other times.[2] At the hearing, Vaden is reported to have requested the hearing officer to view the video of the incident. There is no disagreement that a video was taken of the incident but was not available.

At a hearing on the petition held before the magistrate judge on May 23, 2012, Lt. Gintz of the SIS unit at the United States Penitentiary at Canaan (USP Canaan), testified as to the nature of the equipment used to video various areas of the institution and the cycling of the video. Depending on the activity being recorded, the video can be cycled through anywhere from twelve hours to fourteen days. The average is six to nine days. (Tr. at p. 29, lines 2-15.)[3] The twelve hours is not unusual and fourteen hours is rare. (*Id.*) Lt. Gintz testified that upon a request by an inmate to staff, a video can be saved. (Tr. at p. 27, line 23 to p. 28, line 11.)

Vaden argues that the only time he could have requested a staff member to preserve the video of the incident was when the investigation was done by the investigating officer. Vaden claims that no investigation was done and, therefore, he had no opportunity to request that the video be preserved and was thus deprived of producing documentary evidence at his hearing, resulting in a violation of his due process rights.

---

[2] By January 6, 2011, Vaden requested a substitute representative – D. China.

[3] All cites to a transcript (Tr.) refer to the May 23, 2012 hearing before the magistrate judge (doc. 32).

Government Exhibit 1, at Part III, contains an investigation report by J. Trently.  Trently testified at the hearing, consistent with that report, that he was at Vaden's cell on December 7, 2010 at 8:05 a.m., advised him of the nature of the investigation, gave Vaden a copy of the incident report, and gave Vaden the opportunity to make a statement but Vaden declined.  (Tr. at p. 41, lines 15-24; p. 43, line 22 to p. 44, line 3.)  Vaden claims that Lt. Trently never came to his cell and he never received a copy of the incident report and, therefore, could not have requested that the video be preserved.  (Tr. at p. 76, lines 9-17.)

In an effort to dispute Lt. Trently's testimony and the report, Vaden claims that the SHU log book does not show Trently signed into the SHU on December 7, 2010, (Tr. at p. 43, lines 3-17), and in Trently's report, the name Ellison appears, was crossed out, and Vaden's name was inserted by hand rather than typewritten.  (Tr. at p. 52, lines 12-24.)

This latter fact is of no significance because throughout the report Vaden is referred to at least four times as well as Vaden's prison number.  As to the log book omission, Trently testified that he entered the SMU the same day and time as another prison official, Lt. Hickson.  The log book shows that Lt. Hickson entered the SMU on December 7, 2010 at 8:00 a.m. (PX5 at p. 8.)

It is this court's belief that Trently was in Vaden's cell on December 7, 2010 at 8:05 a.m. and presented Vaden with the incident report and advised him of his rights and at that time Vaden requested nothing concerning the video tapes.  In any event, Vaden had another opportunity to request the preservation of the video in sufficient time to prevent its recycling.  The <u>Notice of Disciplinary Hearing Before the Disciplinary Hearing Officer</u>, attached to the <u>Discipline Hearing Report</u> (Gov. Ex. 1), states, in part, "you will also have the right to call witnesses at the hearing and <u>to present documentary evidence in your behalf</u>." (*Id.* at unnumbered p. 7 (emphasis

added).)  This notice was dated December 7, 2010 at 1:45 p.m.  This notice was also set forth in the Inmate Rights at Disciplinary Hearing attached to the Notice of Disciplinary Hearing.  Even though Vaden refused to sign that he received such notice, the form lists the person he designated as his staff representative and his witnesses, which names were given by Vaden to Gambone on December 7, 2011, the day Gambone gave him the notice of a disciplinary hearing.

### III.      Conclusion

Vaden could have requested of Gambone on December 7, 2010 at 1:45 that the video of December 6, 2010 be preserved.  This court finds that there was no denial of due process because Vaden could have requested that the video be preserved in sufficient time to prevent its being recycled.  An appropriate order will be issued.

                                                              s/Sylvia H. Rambo
                                                              United States District Judge

Dated:  August 22, 2012.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL H. VADEN,** | : | **CASE NO. 1:11-CV-1807** |
| Petitioner | : | **(Judge Rambo)** |
| v. | : | **(Magistrate Judge Smyser)** |
| **WARDEN BLEDSOE,** | : | |
| Respondent | : | |

## <u>O R D E R</u>

For the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The recommendation only of the report and recommendation of the magistrate judge (doc.42) is adopted.

2) The petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (doc. 1) is **DENIED**.

3) The clerk of court shall close the file.

                                                      s/Sylvia H. Rambo
                                                      United States District Judge

Dated: August 22, 2012.